# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GEORGE ALVIN WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-00966-DGK |
| | ) |
| BRAD LYNN, et. al. | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

This case is brought under two federal civil rights statutes and state tort law following Plaintiff George Wheeler's detention and arrest at a sobriety checkpoint. Wheeler was initially charged with driving under the influence of alcohol. This charge was changed to driving under the influence of cannabis, and eventually the prosecution was dropped. Plaintiff is suing the individual officers associated with his arrest, the City of Kansas City, and various members of the Board of Police Commissioners, including the Mayor of Kansas City.

Now before the Court is Defendant Mark Funkhouser's Missouri's Motion to Dismiss (doc. 21), which appears to be brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Funkhouser argues Plaintiff has not pled sufficiently detailed factual allegations to establish facial plausibility; that claims against him in his official capacity are barred; that he may not be vicariously liable on the federal claims for the individual officers actions; and that he cannot be liable on any of the state tort claims because they each require personal involvement on his part, and none has been alleged here.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility" when the complaint "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Although for purposes of ruling on a motion to dismiss a court must accept all of the factual allegations in the complaint as true, the court does not accept as true legal conclusions couched as factual allegations. *Id.* at 1949-50. The Amended Petition alleges that Funkhouser is the Mayor of Kansas City (¶ 4), and that all defendants through their actions or omissions, training and supervision caused Plaintiff to be arrested and jailed without probable cause (¶ 9). It contains no specific allegations against Funkhouser at all. Consequently Wheeler has not plead sufficient factual matter which, if true, states a facially plausible to relief.

Given the absence of any specific allegations concerning Funkhouser, the Court cannot determine whether the claims against him in his official capacity are barred; whether he could possibly be liable on either the federal or state claims here.

Accordingly, the Motion to Dismiss is GRANTED, but Plaintiff is granted leave to amend.

**IT IS SO ORDERED.**

Date:  February 7, 2011            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT