# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE ALVIN WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00966-DGK |
| | ) | |
| BRAD LYNN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY GRANTING MOTION TO DISMISS

This case arises from the allegedly unlawful arrest at a sobriety checkpoint of Plaintiff pro se George Wheeler. After Wheeler was arrested for driving under the influence of alcohol, the charge was changed to driving under the influence of cannabis before his court appearance, and then all charges were dropped by the prosecutor. Plaintiff is now suing the individual officers involved in his arrest and their supervisors under various state and federal laws.

Now before the Court is Defendant police officers Brad Lynn and Dana Mauzy's Motion to Dismiss (doc. 37). These Defendants argue Plaintiff has failed to state a claim against them; Plaintiff cannot satisfy the required elements of his federal and state law claims; Plaintiff's state law claims are barred by the public duty doctrine; and that they are immune from Plaintiff's monetary claims. After carefully considering the parties' arguments, the Court finds Count II fails to state a viable § 1985(3) claim, Count III's claim for money damages is barred by Missouri's official immunity doctrine, and Counts IV and V are barred by Missouri's public duty doctrine. Accordingly, the Motion is GRANTED IN PART and Counts II through V are dismissed without prejudice. Count I, the § 1983 claim, remains.

**Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility" when the complaint "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. In reviewing the adequacy of a complaint, the court assumes the factual allegations are true and construes them in the light most favorable to Plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). In addition, when the author of the complaint is a pro se litigant, the court construes the complaint broadly and liberally. Fed. R. Civ. P. 8(e); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004).

**Discussion**

Plaintiff's Amended Petition ("the Complaint") raises two federal claims and three state law claims. The Officer Defendants argue that all the claims against them should be dismissed.

**I.   The motion is granted in part with respect to the federal law claims.**

**A.   Count I states a § 1983 claim.**

Count I of the Complaint alleges that the Defendants arrested Plaintiff without probable cause in violation of the Fourth, Fifth, and Fourteenth Amendments. "To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right." *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011). Additionally, liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). The plaintiff must "allege facts supporting any individual

defendant's personal involvement or responsibility for the violations." *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). In the present case Defendants claim that Plaintiff has failed to allege "any personal involvement by either Officer Lynn or Mauzy. Instead, [P]laintiff merely alleges that 'defendants' violated plaintiff's rights."

Reading the Complaint broadly and liberally, and assuming the factual allegations are true, the Court finds it alleges sufficient personal involvement from each officer. Pages six through nine of the Complaint, contain reasonably detailed allegations about what each officer did from which it may be inferred that one or both decided to arrest the Plaintiff without probable cause in retaliation for his refusing to answer certain questions or make any statements. This is sufficient to survive a motion to dismiss, and this portion of the motion is denied.

### B. Count II fails to state a § 1985(3) claim.

Count II of the Complaint asserts that all of the Defendants violated 42 U.S.C. § 1985(3),[1] which provides that,

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators.

To state a claim under § 1985(3) the complaint must allege (1) the defendant conspired or went in disguise on the highway or premises of another; (2) to directly or indirectly deprive another person or class of persons rights based upon race or perhaps other class-based invidious discrimination; (3) the act was done by more than one person; and (4) there was actual injury or deprivation of rights. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Officer Defendants contend the second element is not met here. Plaintiff's entire response is that his "claim under

---

[1] The Complaint cites generically 42 U.S.C. § 1985, which encompasses three different kinds of conspiracies to interfere with civil rights. It is clear from the context that the Complaint means to assert a violation of § 1985(3).

Section 1985 should stand because sufficient personal involvement of Police Officer's Lynn and Mauzy was alleged throughout Plaintiff's Amended Petition. The contents of Plaintiff's Amended Petition were more than required to establish a claim for which relief may be granted."

No matter how broadly and liberally the Complaint is construed, it does not contain any allegation that the officers' actions were motivated by racial animus or other class-based invidious discrimination. Consequently, is does not state a claim under § 1985(3) and is dismissed without prejudice.

**II.    The motion is granted with respect to the state law claims.**

The remaining counts in the Complaint are all state law claims. Count III alleges malicious prosecution, Count IV alleges negligent infliction of emotional distress, and Count V alleges intentional infliction of emotional distress.[2] Lynn and Mauzy contend these claims all fail against them because as police officers they are protected by Missouri's public duty and official immunity doctrines.

**A.    Counts IV and V are barred by the public duty doctrine.**

Under the public duty doctrine police officers are not liable in tort for injuries to, or damages sustained by, particular individuals that result from a breach of the duty officers owe to the general public. *Sherrill v. Wilson*, 653 S.W.2d 661, 664 (Mo. banc. 1983). The doctrine's purpose is to protect modestly paid public employees from lawsuits and allow them to focus on their jobs without being distracted. *Norton v. Smith*, 782 S.W.2d 775, 777 (Mo Ct. App. 1989). "The public duty doctrine is not an affirmative defense, but rather delineates the legal duty the defendant public employee owes to the plaintiff." *Southers v. City of Farmington*, 263 S.W.3d

---

[2] Plaintiff has captioned Count V "Outrageous Conduct," or what under Missouri law is called intentional infliction of emotional distress. *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (discussing elements of intentional infliction of emotion distress). Indeed, Plaintiff cites *Gibson v. Brewer* for the elements of his claim, which are the elements of intentional infliction of emotional distress.

4

603, 612 (Mo en banc. 2008). The public duty doctrine does not automatically insulate a public employee from all liability. The employee must be more than simply "acting within the scope of his employment; he must be engaged in some particular duty of his office or employment, which . . . calls for his professional expertise and judgment," to fall under the doctrine's protection. *Brown v. Tate*, 888 S.W.2d 413, 416 (Mo. Ct. App. 1994). And a public employee may still be liable if he or she acts "in bad faith or with malice." *Southers*, 263 S.W.3d at 612.

In the present case the decision to arrest the Plaintiff was made in the course of a particular duty of Defendants' employment, namely conducting a sobriety checkpoint, and the decision whether to arrest the Plaintiff was an exercise of their professional expertise and judgment. Consequently, the officers are protected by the public duty doctrine unless they were acting in bad faith or with malice. The malicious prosecution claim (Count III) alleges that Lynn and Mauzy acted "maliciously" in arresting, imprisoning, and compelling Plaintiff to post a bond and appear in municipal court, Compl. at ¶ 31, thus the public duty doctrine does not shield them from liability from this claim. Counts IV and V, however, which allege that Lynn, Mauzy, and the other Defendants altered the charge after the Plaintiff was arrested from operating a motor vehicle while under the influence of alcohol to operating a motor vehicle while under the influence of cannabis, does not allege that Defendants acted in bad faith or with malice. The Court cannot infer bad faith or malice here either, because charging documents are often amended for perfectly innocuous reasons. Accordingly, Counts IV and V are barred by the public duty doctrine.

**B. Plaintiff's claim for money damages on Count III is barred by the official immunity doctrine.**

Missouri's official immunity doctrine shields public officers acting within the scope of their authority from liability for injuries arising from their discretionary acts or omissions, but not for torts committed when acting in a ministerial capacity. *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985) (overruled on other grounds). A discretionary act "requires 'the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or course pursued.'" *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. banc. 1984) (quoting *Jackson v.Wilson*, 581 S.W.2d 39, 43 (Mo. Ct. App. 1979)). A ministerial function "is one 'of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.'" *Rustici*, 673 S.W.2d at 769 (quoting *Jackson*, 581 S.W.2d at 43). For example, an officer has official immunity if he is driving his patrol car in response to an emergency call, *Bachmann v. Welby*, 860 S.W.2d 31, 34 (Mo. Ct. App. 1993), but not if he is driving in a non-emergency situation, *Brown v. Tate*, 888 S.W.2d 413, 415 (Mo. Ct. App. 1994), the difference being in an emergency situation an officer is not obliged to drive within the speed limit and stop for red lights, but must exercise his professional judgment, *Bachmann*, 860 S.W.2d at 34, whereas an officer on routine patrol is required to obey the ordinary rules of the road and is not exercising his professional expertise or judgment. *Brown*, 888 S.W.2d at 415. The different outcomes also stem from the likely consequences of withholding immunity: Withholding immunity from an officer responding to an emergency call would make him overcautious when

he needs to act "boldly and quickly." *Id.* Withholding immunity from an officer on routine patrol will not make him act more carefully, which is appropriate when he is on routine patrol.

Whether official immunity applies in a given case is very fact driven. Even the decision to arrest someone, which would appear to always entail some amount of officer discretion, can be a "ministerial" function and not entitled to immunity. *Rustici*, 673 S.W.2d at 769. As the Missouri Supreme Court has observed,

> [I]n the final analysis, the decision as to whether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity.

*Kanagawa*, 685 S.W.2d at 836.

In the present case, Count III alleges that the officers' lacked sufficient evidence to arrest the Plaintiff. Compl. at ¶ 32. The officers' decision was obviously an exercise in their professional judgment made while they were on duty as police officers operating a sobriety checkpoint. The consequences of withholding immunity from officers in this situation is potentially disastrous. It would make police officers more reluctant to arrest drunk driving suspects, which in turn would increase the risk of drunk driving accidents, a public health and safety problem. Consequently, for purposes of determining whether the official immunity doctrine applies, the officers' acts were discretionary in nature, the official immunity doctrine applies to Count III, and the officers are immune from suit on this count.

## Conclusion

Defendant Officers Brad Lynn and Dana Mauzy's Motion to Dismiss (doc. 37) is GRANTED IN PART. Counts II through V are dismissed without prejudice because Count II fails to state a viable § 1985(3) claim, Count III's claim for money damages is barred by

Missouri's official immunity doctrine, and Counts IV and V are barred by Missouri's public duty doctrine.

**IT IS SO ORDERED.**

Date:  June 3, 2011                             /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT