IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE ALVIN WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-00966-DGK |
| | ) | |
| BRAD LYNN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING MOTIONS IN LIMINE

This is a civil lawsuit arising from Plaintiff George Wheeler's arrest for driving under the influence. Wheeler is suing Kansas City Police Department ("KCPD") officers Brad Lynn and Dana Mauzy under 42 U.S.C. § 1983 for wrongful arrest, alleging they arrested him out of spite because he angered Officer Mauzy during the stop.

Now before the Court is Defendants' Motion in Limine (Doc. 78). Defendants seek to exclude any reference to six items, specifically: 1) other allegations of violations of persons' constitutional rights ledged against Defendants, their witnesses, or other law enforcement officers; 2) any reference to the fact that Plaintiff has not hired or been appointed counsel; 3) any evidence or mention of coverage under the State of Missouri's Legal Expense Fund; 4) any offers, demands, or information relating to settlement negotiations; 5) any prior rulings, findings, or orders by this Court regarding Plaintiff's claims; and 6) evidence of claims previously dismissed by the Court. Plaintiff opposes each request.

The motion is GRANTED for the following reasons.

1.  **Evidence of other alleged violations or complaints is inadmissible.**

Defendants anticipate that Plaintiff may seek to introduce allegations that Defendants, their witnesses, or other law enforcement officers have been the subject of complaints made to the KCPD's Office of Community Complaints, or that other KCPD officers have been defendants in other unrelated lawsuits. Defendants contend these allegations are irrelevant and therefore inadmissible under Federal Rule of Evidence 402, or alternately, they are inadmissible under Rule 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The motion is granted with respect to complaints made against other, non-defendant KCPD officers because such allegations are not relevant to this case. The motion is also granted with respect to Defendants and their witnesses because there is no indication that any other complaints relevant to this case have been made against Defendants or their witnesses. Indeed, Plaintiff has not even suggested that any other complaints or allegations have been raised against Defendants or their witnesses.

Consequently, no party shall refer to or introduce allegations that Defendants, their witnesses, or other law enforcement officers, have been the subject of any other complaints, or involved in other lawsuits, without first raising this issue with the Court out of the jury's presence.

2.  **Plaintiff's self-representation is irrelevant and inadmissible.**

The fact that Plaintiff, an attorney, has chosen to represent himself is irrelevant to the facts and issues to be determined by the jury. Accordingly, no party shall reference the fact that Plaintiff is not represented by counsel.

2

During voir dire the Court will make a short statement to the jury explaining that Plaintiff is an attorney and has chosen to represent himself. The parties shall not mention this subject during trial.

**3.  Any reference to Missouri's Legal Expense Fund is inadmissible.**

Defendants observe that a portion of any award of damages against them could be paid by Missouri's Legal Expense Fund ("LEF"). While Missouri's LEF is not liability insurance, it is analogous to liability insurance, and its availability is not relevant to any issue to be determined by the jury. Consequently, evidence of its existence should be inadmissible. *See* FRE 411.

Accordingly, no party shall introduce evidence of, or make any reference to, Missouri's LEF.

**4.  Offers to compromise and settlement discussions are inadmissible.**

Rule 408 provides that offers to compromise and settlement discussions are not admissible to prove liability or to impeach through a prior inconsistent statement or contradiction. Although such evidence is admissible for other limited purposes, the Court does not anticipate it will be relevant here. Consequently, no party shall be permitted to refer to offers to compromise or settlement discussions without first discussing the issue out of the jury's presence and receiving the Court's permission.

**5.  Prior court rulings or orders concerning Plaintiff's claims are inadmissible.**

Defendants are also concerned that Plaintiff may seek to inform the jury of the Court's previous rulings or findings, particularly the Court's denial of Defendants' summary judgment motion.

3

Case 4:10-cv-00966-DGK   Document 102   Filed 07/20/12   Page 3 of 4

The Court notes its previous rulings are legal determinations which are irrelevant to the issues the jury will be asked to decide. Consequently, the parties shall not make any reference to the Court's previous rulings or orders.

**6.     Any reference to previously dismissed claims is forbidden.**

Finally, related to the above, Defendants move to exclude any reference to Plaintiff's previously dismissed claims, such as his claims for malicious prosecution and intentional infliction of emotional distress. Again, the fact that Plaintiff brought claims that have since been dismissed is irrelevant to the issues the jury will be asked to decide. Accordingly, the parties shall make no reference to any previously dismissed claims.

**IT IS SO ORDERED.**

Date:  July 20, 2012                         /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT